**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL CRESPIN,

    Plaintiff,

v.                                                CIV No. 08-246 WJ/RHS

ROBERT ULIBARRI,
HARVEY J. FEATHERSTONE, M.D.,
MONIQUE GIBSON, M.D., STACY COREY,
DANA ELLIOT, and ELIZABETH BARNETT, M.D.,
in their individual capacities, and WEXFORD
HEALTH SOURCES, INC.,

    Defendants.

**UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT FOR SUBSTITUTION OF PLAINTIFF AND LEAVE TO AMEND COMPLAINT**

Plaintiff, by and through his attorneys of record, Kennedy & Han, P.C., hereby submits his Motion for Substitution of Plaintiff and Leave to Amend Complaint, pursuant to Fed.R.Civ.P. 25(a)(1) and 15(a). As grounds for his Motion, Plaintiff, states the following:

**INTRODUCTION**

Plaintiff filed a Complaint in the above referenced matter and alleged that Defendants Robert Ulibarri, Harvey J. Featherstone, M.D., Monique Gibson, M.D., Stacey Corey, Dana Elliott, Elizabeth Barnett, M.D., and Wexford Health Sources ("Wexford") were deliberately indifferent to the Plaintiff's medical needs in violation of his constitutional rights. Plaintiff further alleged that the Defendants' negligence, gross negligence and recklessness caused Plaintiff's damages and injuries, which include past and future pain and suffering, past and future psychological and emotional distress, loss of chance of longer life, and loss of chance of better quality of life. Plaintiff also alleged medical malpractice against Defendants Featherstone, Barnett, Gibson and Wexford. Plaintiff's serious health condition was severely

1

aggravated due to the actions and omissions of the Defendants. Plaintiff, Michael Crespin, died on July 2, 2008, from complications of colon cancer and as a result of the Defendants' acts and omissions.

## ARGUMENT AND AUTHORITIES

The Federal Rules of Civil Procedure allow a substitution of parties upon the death of a party, if a claim is not extinguished. Fed.R.Civ.P. Rule 25(a)(1). Such motion for substitution may be made by any party or by the decedent's successor or representative and must be made within ninety (90) days of the notice of death. Id. Since a substituted party steps into the same position as the original party, there is a continuance of the original action and a separate proceeding by the substituted party is not necessary. See U.S. v. Miller Bros. Const. Co., 505 F.2d 1031, 1036 (10th Cir. 1974). For actions with a basis in 42 U.S.C. § 1983, § 1988 will determine the applicable survival rule. Robertston v. Wegmann, 436 U.S. 584, 588 (1978). Section 1988 requires the use of the common law, as long as it is not inconsistent with the Constitution and federal law. 42 U.S.C. § 1988; Robertson, 436 U.S. at 588. However, the State of New Mexico enacted survival statutes which are in derogation of the common law rule. Id. at 589. Under § 1988, the state statutory law, modifying the common law, is the principal reference in determining the survival of civil rights claims under § 1983, as long as such laws are not inconsistent with the Constitution and federal law. Id. at 589-590. In the State of New Mexico, if the plaintiff dies in a personal injury suit dies after the filing of the suit, the cause of action will survive. N.M.S.A. § 37-2-4 (1978). Since Plaintiff's claim is not extinguished, Plaintiff requests that the Court allow Ms. Kari T. Morrissey, Personal Representative of the Estate of Michael, to be substituted for the Plaintiff in the present, pending litigation.

"[A] party may amend the party's pleading only be leave of the court or by written

consent of an adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies for amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought, should, as the rules require, be freely given." Forman v. Davis, 371 U.S. 178, 182 (1962). "The purpose of the Rule [15] is to provide litigants the maxim opportunity for each claim to be decided on the merits rather than on procedural niceties." Minter v. Prime Equipment Co., 451 F.3d 1196, (10th Cir. 2006). Plaintiff requests that the Court exercise its discretion and allow Plaintiff to amend his complaint to add a claim for wrongful death because "justice so requires." Fed.R.Civ.P. 15(a)(2).

Plaintiff's complaint for damages was filed on or about March 7, 2008. On July 7, 2008, a Suggestion of Death was filed with this Court, serving as notice of Plaintiff's death on July 2, 2008. Plaintiff's claims under § 1983 and state law survive his death pursuant to both federal and state law. *See* 42 U.S.C § 1988; Robertson, 436 U.S. at 588; N.M.S.A. § 37-2-4 (1978). Ms. Morrissey has been appointed as personal representative to bring a wrongful death claim against the Defendants. Ms. Morrissey now seeks to substitute herself, as personal representative of the estate of Michael Crespin, for the Plaintiff, in the present, pending litigation.

Justice requires that Plaintiff be allowed to add wrongful death as an additional claim to the present suit. First, Plaintiff's personal representative, Ms. Morrissey, is well within the statute of limitations to bring a separate cause of action against the Defendants for wrongful death. However, the wrongful death claim would necessarily involve the same transaction, occurrence, and subject matter, as well as common questions of law and fact as Plaintiff's

current claims against the Defendants. Adding a claim for wrongful death will not raise significant new factual issues. Further, there will be no prejudice to the Defendants in the present action if Plaintiff is allowed to amend the complaint to add a claim for wrongful death. Discovery has only just begun and a scheduling order has not been entered by the Court. Therefore, it would conserve this Court's judicial resources, as well as those of the other parties, to allow Plaintiff's personal representative, Kari T. Morrissey, to proceed with a claim for wrongful death against the current Defendants in the present, pending litigation.

Defendant Ulibarri, by and through his counsel of record, Jarmie & Associates (Mark D. Jarmie) do not oppose this motion. Defendants Wexford, Featherstone, Gibson, Corey, and Danna Tapia, by and through their counsel of record, the Sharp Law Firm (Charles P. List), do not oppose this motion.

## CONCLUSION

For the above foregoing reasons, Plaintiff hereby requests this Court exercise its discretion and grant Plaintiff's Motion for Substitution of Plaintiff and Leave to Amend the Complaint and for any and all other such relief that this Court deems just and proper. Plaintiff has attached the proposed Amended Complaint as Exhibit A to this Motion.

    Respectfully submitted,

    KENNEDY & HAN, P.C.

    /s/ Minal P. Unruh
    GRIETA A. GILCHRIST
    MINAL P. UNRUH
    Attorneys for Plaintiff
    201 12th Street NW
    Albuquerque, NM 87102
    Telephone: (505) 842-8662

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing motion was electronically mailed via the New Mexico District Court's electronic filing system on this 2nd day of October, 2008 to the following counsel:

Charles P. List
The Sharp Law Firm
Attorneys for Defendant Wexford Health Sources, Inc.;
Harvey J. Featherstone, M.D.; Monique Gibson, M.D.;
Stacey Corey; and Danna Tapia
P.O. Box 16270
Albuquerque, NM   87191-6270
(505) 842-5050

Mark D. Jarmie
Jarmie & Associates
Attorneys for Defendant Robert Ulibarri
P.O. Box 26416
Albuquerque, NM   87125-6416
(505) 243-6727

/s/ Minal P. Unruh
Minal P. Unruh