IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARI T. MORRISSEY, as Personal Representative
of the Estate of MICHAEL CRESPIN, Deceased,

       Plaintiff,

vs.                                                                    Civ. No. 08-246 WJ/RHS

ROBERT ULIBARRI, HARVEY J. FEATHERSTONE,
M.D., MONIQUE GIBSON, M.D., STACY COREY,
DANA TAPIA, and ELIZABETH BURNETT, in
their individual capacities, and WEXFORD HEALTH
SOURCES, INC.,

       Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
### DISCOVERY RESPONSES BY DEFENDANT
### WEXFORD HEALTH SOURCES, INC.

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Discovery

Responses by Defendant Wexford Health Sources, Inc. [docket no. 82].  The Court has

considered the Motion together with the Response thereto (docket no. 85) as well as Movant's

Reply (docket no. 91) and hereby concludes that the motion is well-taken and should be granted.

In this case, Plaintiff's Personal Representative complains that during Michael Crespin's

incarceration as an inmate at the Central New Mexico Correctional Facility in Los Lunas, New

Mexico, he was diagnosed with colon cancer and subsequently underwent surgery at the

University of New Mexico Hospital.  Plaintiff's Personal Representative further complains that

following the surgery, he was prescribed various medications and a course of chemotherapy and

that Defendant Wexford intentionally, maliciously, and willfully failed to provide him with the

necessary medical treatment and care.  Plaintiff's Personal Representative complains that the

-1-

prison medical system which was operated by Defendant Wexford refused to discharge its responsibilities in a reasonable and competent manner and that Defendant Wexford operated the public facility in a reckless manner.

Plaintiff alleges that Defendant Wexford was the contractor for the State of New Mexico providing medical care to inmates in New Mexico correctional facilities, including the facility in which Mr. Crespin was confined.  As such, Plaintiff has propounded discovery regarding the manner in which Defendant Wexford was awarded its contract to operate the medical facilities and has sought information relative to, *inter alia*, financial contributions and donations of value given to state politicians, candidates for political office and/or individuals registered as New Mexico lobbyists for Defendant Wexford and its parent company, the Bantry Group.

In its Response, Defendant Wexford indicated that it "intends to provide Plaintiffs' [sic] with substantive responses to their discovery."  (Response at 4-5).  However, although Defendant Wexford subsequently supplemented its responses, Plaintiff contends that Defendant did not fully respond to several requests and failed to submit a privilege log.[1]  The Court concludes that the information Plaintiff seeks is discoverable and reasonably calculated to lead to the discovery of admissible evidence.  See Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery Responses by Defendant Wexford Health Sources, Inc. [docket no. 82] is hereby granted and Defendant Wexford is hereby ordered to fully and completely answer Interrogatory No. 18 and respond to Plaintiff's Request for Production Nos. 15 and 16 on or before September 30, 2009.

---

[1]A party objecting to discovery based on a claim of privilege or protection has the burden of establishing the applicability of such a claim.  See Peat, Marwick, Mitchell, & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984).

**IT IS FURTHER ORDERED** that Defendant Wexford produce the investigation report prepared by Dr. Thomas Lundquist and all other documents which Defendant Wexford may have withheld from production under claim of privilege on or before <u>September 30, 2009</u>.  If Defendant Wexford continues to withhold any such documents, it must submit to Plaintiff a privilege log identifying each document withheld and providing sufficient information to enable Plaintiff to evaluate the applicability of the claimed privilege or protection for each document on or before <u>September 30, 2009</u>.

**IT IS FURTHER ORDERED** that the Court reserves jurisdiction to assess reasonable attorney's fees at a future date under circumstances as the Court may deem appropriate.

Robert Hayes Scott
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE