IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARI T. MORRISSEY, as Personal Representative
of the Estate of MICHAEL CRESPIN, deceased,

       Plaintiff,

      v.                                                                                            CIV No. 08-246 WJ/RHS

ROBERT ULIBARRI,
HARVEY J. FEATHERSTONE, M.D.,
MONIQUE GIBSON, M.D., STACY COREY,
DANA TAPIA, and ELIZABETH BURNETT,
in their individual capacities, and WEXFORD
HEALTH SOURCES, INC.,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD PARTIES

THIS MATTER comes before the Court upon Plaintiff's Motion to Clarify the Record through Amendment and/or Dismissal and to Enter Final Judgment, filed January 10, 2013 (**Doc. 167**). Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion is well-taken and will be granted.

### BACKGROUND

This is a wrongful death case in which the personal representative ("Plaintiff") for Michael Crespin alleges that Defendants did not allow Mr. Crespin to be treated sufficiently for colon cancer while he was serving a three-year sentence for a drug conviction in 2006 and 2007 at the Central New Mexico Correctional Facility (CNMCF). Mr. Crespin died on or about July 2, 2008.

On April 28, 2010, the Court granted summary judgment to Defendant Ulibarri on

Plaintiff's Eighth Amendment and state law claims. Doc. 151.  That same day, the Court dismissed on summary judgment Eighth Amendment and state law claims asserted against Defendants Vallejos and Romero (the "State Defendants").  Doc. 152.  On November 29, 2010, the remaining Defendants (Defendants Wexford Health Sources, Inc., Harvey J. Featherstone, M.D., Monique Gibson, M.D., Stacey Corey, Dana Tapia and Elizabeth Burnett, M.D.) were dismissed by stipulation of the parties.  Docs. 163 & 164.  Thus, on November 29, 2010, all of Plaintiff's claims had been either dismissed or terminated as against all Defendants.

The docket for this case indicates that there was no further activity on the case until January 10, 2013, which is when the instant motion was filed.  The only exceptions are administrative activity: a notice of withdrawal of Mr. Darin Foster as co-counsel docketed as number 165, but reflecting a date of August 14, 2012, and a Notice of Appearance on behalf of "all Plaintiffs" entered on the docket on January 10, 2013 (Doc. 166).   A separate document entering Judgment pursuant to Rule 58 was not filed in this case.

## DISMISSAL

Plaintiff seeks to "clarify the record" as to the status of claims against Defendants Featherstone, Gibson, Corey, Tapia, Burnett, and Wexford Health Sources, Inc.  Plaintiff contends that the parties' stipulated dismissal of the remaining defendants was not properly accomplished.  Plaintiff also contends that neither the Court's Memorandum Opinions and Orders ("MOOS") granting summary judgment to the State Defendants nor the stipulated dismissal of other Defendants by the parties are final judgments, because they do not qualify as separate documents reflecting a final judgment under Fed.R.Civ.P. 54(b) or 58(a).    Plaintiff's motion essentially urges the Court to enter a final, appealable Order on its rulings.[1]

---

[1] The response to the motion is filed by Defendants Ulibarri, Vallejos and Romero only, but the Court's analysis also considers the issue of finality of judgment as to all Defendants.

2

I.      **Effectiveness of Dismissal**

Plaintiff argues that the Court should have required that the complaint be amended by a motion and Order under Fed.R.Civ.P. 15(a) in order to effect the dismissal of claims in Counts I and IV (which were dismissed in their entirety with the dismissal of Defendants in Docs. 163 & 164), as well as a motion and Order under Rule 41(a)(2) to effect the dismissal of the individual Defendants.  Plaintiffs rely on case law which states that Rule 15 applies when a plaintiff wishes to dismiss some claims, but not others; and that Rule 41(a) applies when a plaintiff wishes to dismiss an entire action, as opposed to the dismissal of a single claim or of less than all the claims in the action.  *See Predator Intern., Inc. v. Gamo Outdoor USA, Inc.*, 2010 WL 3630118 (D.Colo., 2010)  (collecting cases).   Plaintiff also argues that the papers seeking dismissal as to Defendants Featherstone, Gibson, Corey, Tapia, Burnett, and Wexford Health Sources, Inc. are not sufficient to effect the dismissal of claims against those Defendants under Fed. R. Civ. P. 41(a)  because they do not contain the signatures of counsel for all parties (which, the Court assumes to mean the signatures of counsel for the State Defendants).

There is no merit to any of these arguments.  The motion for stipulated dismissal contains the signatures of counsel for the Defendants who would be dismissed, as well as Plaintiff's counsel.  Doc. 163.   Rule 41(a)(2) does not require that the rule be referenced in the pleading, nor that the pleading be signed by all parties who have appeared in the case.  The Stipulated Order includes the same signatures, as well as the signature of the undersigned.[2]   The fact that neither the motion nor the Order (which was presented to the Court and entered on the parties' submitted draft Order) specifies the rule pursuant to which the Order was entered does not create

---

[2]  Signature by "all parties who have appeared" in the case is mentioned in Rule 41(a)(1), which does not apply here.  Further, even if it did, Plaintiff's reliance on a procedural defect two years after the case has been closed would meet with little approval by the Court.

a problem, since similar standards govern the exercise of discretion under either rule.

In these circumstances, it matters little whether the Stipulated Order should have referenced either Rule 41(a) or Rule 15, since the analysis is the same under either standard. *See Skinner v. First Am. Bank of Virginia,* unpubl. opin., 1995 WL 507264 (4th Cir. 1995) (referring to Rules 15 and 41, and pointing out that ". . . similar standards govern the exercise of discretion under either rule"). Moreover, even if Rule 41(a) applies to dismissal of an entire action rather than just a claim within an action, the Stipulated Order effectively dismissed the entire action. *See Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) ( Rule 41(a) applies to dismissal of less than all claims in an action) (citing other cases); *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1996) (noting that "it may not be material whether the court acts under Rule 15(a) which relates to amendments, or . . . Rule 41(a)(2)"). The issue is now moot. It is now nearly three years since the Court granted summary judgment for several of the Defendants in this case, and well over two years since the case was administratively closed. The Stipulated Order resolved Plaintiff's remaining claims against the Defendants who had not been dismissed upon entry of summary judgment.

**II.     Finality of Judgment**

The purpose of the entry of judgment in a case is to make clear for the parties when the appeal time has begun. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978) (separate document rule "should be interpreted to prevent loss of the right of appeal. . . ."), cited in *In re Cendant Corp. Securities Litigation,* 454 F.3d 235 (3rd Cir. 2006).

Plaintiff is correct, however, in that neither the Court's MOOS nor the Stipulated Order satisfy the requirements under Rule 58, which in these circumstances states that judgment is entered when the earlier of these events have occurred: (1) when "it is set out in a separate

document," or (2) when "150 days have run from the entry in the civil docket." In the latter situation, because no separate Rule 58 document was entered by the Court, final judgment is entered by operation of law.

Plaintiff argues that the Court should have entered judgment under Rule 54(b) in order to allow Plaintiff to immediately appeal the Court's ruling dismissing the State Defendants. Under Rule 54(b), when an action presents more than one claim for relief or when multiple parties are involved, the Court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay. The Court did not exercise its discretion to enter final judgment for the State Defendants under Rule 54(b), and, for the seven months that Plaintiff's claims remained pending against the other Defendants, Plaintiff did not seek a Rule 54(b) separate judgment regarding the MOOS granting summary judgment to the State Defendants. Seeking a Rule 54(b) Order of Judgment in a timely fashion would have allowed Plaintiff the "final, appealable order" she now seeks in this motion—almost three years too late.

The remaining claims and parties were dismissed by stipulation of parties and under the Court's Stipulated Order entered on November 29, 2010. Because no separate Rule 58 Judgment was entered by the Court at that time, judgment became final in this case for purposes of appeal on April 21, 2011 (150 days after the entry of the last Order effectively resolving all of the claims in this case).[3] The Court makes no finding here whether, in the absence of a separate Rule 54(b) Order, judgment was entered as a matter of law in favor of the State Defendants on September 27, 2010 (150 days after the Court granted their summary judgment motions in the

---

[3] The Court disagrees with Defendants' statement that a Rule 58(c)(2)(B)Judgment was entered in favor of the State Defendants, as well as a Stipulation of Dismissal as to the remaining claims and Defendants, on November 29, 2010. Doc. 168 at 3, ¶ 8. In the absence of a separate document, judgment did not become final until by operation of law 150 days subsequent to the stipulated dismissal of Plaintiff's remaining claims.

two April 28, 2010 MOOS), as Defendants contend.  The Court reads the rule to mean that, in the absence of a Rule 54(b) Judgment, any order or decision by a court "does not end the action as to any of the claims or parties and maybe revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Rule 54(b).  Thus, without an express determination of finality under Rule 54(b), judgment could not become final for the State Defendants before the entire case had been resolved.  However, any question on this issue need not be determined, because it is moot with the passage of almost two years since final judgment was entered in this case by operation of law under Rule 58(c)(2)(B).

### III.     Plaintiff Has Not Shown Good Cause for Requested Relief

Plaintiff contends that "[t]he interests of justice are served by the relief requested" in the Motion "because it will bring finality and clarity to the litigation in this Court." Doc. 167 at 5.  Plaintiff claims that there is good cause to enter an order at this time amending the pleadings under Rule 15 and/or voluntarily dismissing all claims under Rule 41(a)(2) against Defendants Featherstone, Gibson, Corey, Tapia, Burnett, and Wexford Health Sources, Inc., in order to integrate the Court's rulings regarding the dismissal of the State Defendants into a separate, final and appealable order.

The Court's "take" on the motion is that Plaintiff seeks an opportunity to regain an appeal deadline which has long since passed.  Plaintiff has not shown good cause for the relief requested.  There is no need for the Court to issue a final judgment at this point, when that has already been done by operation of law under Rule 58(c)(2)(B).

The only prejudice that exists here is to an interest in finality, should Plaintiff's request be granted.  The Court docket lists this case as "terminated" as of November 29, 2010.  The last Order entered in this case was the Stipulated Order of Dismissal resolving any remaining claims

and dismissing any remaining parties, which occurred on November 29, 2010.  In the absence of a separate Rule 58 document entered by the Court, final judgment on the Court's rulings in this case became final on April 21, 2011, nearly two years ago.  Plaintiff's motion is denied.  The status of claims asserted against any of the Defendants has been sufficiently clarified by operation of law under and Rule 58.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Clarify the Record through Amendment and/or Dismissal and to Enter Final Judgment **(Doc. 167)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE